Roy H. PEOPLES, Appellee,

v.

Elliott L. RICHARDSON, Secretary of
Health, Education and Welfare,
Appellant.

No. 15389.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 8, 1971.

Decided Feb. 10, 1972.

Raymond D. Battocchi, Atty., Dept. of
Justice (L. Patrick Gray, III, Asst.
Atty. Gen. of U. S., Kathryn H. Bald-
win, Atty., Dept. of Justice, Joseph O.
Rogers, Jr., and John K. Grisso, U. S.
Attys., D. S. C., on brief), for appellant.

James B. Stephen, Spartanburg, S. C.
(George H. Thomason, Spartanburg, S.
C., on brief), for appellee.

Before BOREMAN, Senior Circuit
Judge, and BRYAN and BUTZNER,
Circuit Judges.

PER CURIAM:

The Secretary appeals from the dis-
trict court's order remanding Roy H.
Peoples' third application for a period of
disability and disability benefits under
the Social Security Act for an eviden-
tiary hearing on its merits. We reverse
and remand for dismissal of Peoples'
complaint.

Peoples filed his first application on
November 1, 1962, claiming disability as
of July 2, 1962 because of high blood
pressure and a heart condition. After a
hearing, the examiner denied the appli-
cation, and the appeals council affirmed.
Peoples did not seek judicial review.

On November 3, 1966, Peoples filed his second application again claiming disability from July 1962. This application was denied initially and on reconsideration. Peoples did not seek a hearing.

Peoples' third application, filed May 6, 1969, was denied initially and on reconsideration. His request for a hearing was dismissed on the ground of res judicata because the examiner concluded that the decision on the second application, which had become final, adjudicated all his rights through the expiration of his insured status on September 30, 1966. The appeals council affirmed. The district judge, however, held that res judicata was inapplicable because Peoples had no hearing on his second application.

 After the decision of the district court in this case, we ruled in Leviner v. Richardson, 443 F.2d 1338 (4th Cir. 1971), that proceedings on which the doctrine of res judicata is based need not include a hearing. In *Leviner,* because the record on appeal was incomplete, we remanded so the district court could determine whether res judicata was applicable. In contrast, the record now before us is adequate to show that Peoples' third application was properly dismissed by the hearing examiner under the doctrine of res judicata. The rights, issues, and facts involved in both the second and third applications were the same, and no error appears on the face of the record. Easley v. Finch, 431 F.2d 1351 (4th Cir. 1970).

Parenthetically, we note that the Secretary asks us to treat the third application as a petition to reopen the second application and to consider the denial of the third application as an unreviewable decision not to reopen the second application. *Compare* Cappadora v. Celebrezze, 356 F.2d 1 (2d Cir. 1966), *with* Filice v. Celebrezze, 319 F.2d 443 (9th Cir. 1963). However, neither the hearing examiner nor the appeals council referred to Peoples' third application as a petition to reopen. Instead, the

hearing examiner dismissed the application under 20 C.F.R. § 404.937(a), which deals with res judicata. We recognize that res judicata and reopening are often closely related, but this is not always so, especially when matters outside the record are pertinent.

In connection with his third application, Peoples submitted information to the appeals council about the incapacitating illness of his former attorney and of his own limited education. Strictly speaking, this evidence would have slight bearing on the issue of res judicata, but it might be material with respect to reopening the second application. The appeals council, however, did not mention the evidence, and the record contains no decision purported to have been made under 20 C.F.R. §§ 404.957, and 404.958, which govern reopening. Therefore, we believe that this is not an appropriate case to consider the alternative issues the Secretary presents.

The judgment of the district court is reversed, and this case is remanded for entry of an order dismissing Peoples' complaint.