Roby L. TEAGUE, Appellant,

v.

Joseph A. CALIFANO, Secretary of Health, Education and Welfare, Appellee.

No. 77–1214.

United States Court of Appeals, Fourth Circuit.

Argued May 6, 1977.

Decided Aug. 23, 1977.

George L. Fitzgerald, Charlotte, N. C., for appellant.

Keith S. Snyder, U. S. Atty., Asheville, N. C., for appellee.

Before BUTZNER and MOORE,* Circuit Judges, and HARVEY,** District Judge.

MOORE, Circuit Judge:

Roby L. Teague ("Teague") seeks review in the courts of the denial by the Secretary of the Department of Health, Education and Welfare ("the Secretary"), of his application for a period of disability and disability insurance benefits under §§ 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423. Section 223 of the Act entitles certain individuals under 65 years of age to receive insurance benefits when they are disabled. "Disability" is defined as the

---

\* Hon. Leonard P. Moore, United States Circuit Judge for the Second Circuit, sitting by designation.

\*\* Hon. Alexander Harvey, II, United States District Judge for the District of Maryland, sitting by designation.

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."
42 U.S.C. § 423(d)(1)(A).

The district court granted the Secretary's motion for summary judgment, and we affirm.

## I.

The application presently under review is Teague's third. Teague filed his first application with the Social Security Administration for a period of disability and disability insurance benefits on April 2, 1962. At the time, Teague was suffering from back and leg problems, which had originated during his participation in World War II, and had been aggravated more recently by a fall from a house and an ankle burn. Teague, who has only a sixth grade education, had previously been employed in various jobs including coal miner, sandblaster, sawyer, night watchman, cash register operator, knitting machine operator, and truck driver-delivery man. Teague asserted that he was now (April 2, 1962) unable to perform any of these tasks.

On these facts, Teague's first application was allowed, and he was granted disability insurance benefits commencing November, 1961. Teague continued to receive these benefits until June, 1970, at which time the benefits were terminated on the ground that Teague had gone back to work—as a security guard.

Six months later, however, Teague was again out of work. On December 12, 1970, Teague was in an automobile accident and was diagnosed as having a fracture of the left femur (thigh bone), a compound fracture of the nose, multiple irregular lacerations of the face, a compound fracture of the skull, multiple vertebral body fractures, and fractures of the lumbar spine. The

hospital records show, in addition, that Teague told the doctors that he had a history of ulcers and that for two years prior to the automobile accident, he had been in the habit of consuming between one and a half and two pints of alcoholic beverages daily.

As a result of these new developments, on July 21, 1971, Teague filed a second application for period of disability and disability insurance benefits. The application was again allowed, and Teague was granted benefits from December, 1970. Upon review of Teague's case approximately one year later, the Bureau of Disability Insurance determined that as of April 30, 1972, Teague's injuries had healed sufficiently to once again allow him to engage in substantial gainful activity. The Bureau therefore terminated Teague's benefits as of June 30, 1972 (thus allowing for the statutorily-required adjustment period). Teague appealed this determination through various administrative channels, ending with the Appeals Council of the Social Security Administration. The Appeals Council's adverse determination on April 15, 1974 became the final decision of the Secretary of HEW. The Appeals Council notified Teague that if he wished further review, he had sixty days in which to commence an action against the Secretary in a United States district court.

Teague did not seek judicial review. Instead, on April 26, 1974, he filed a third application for period of disability and disability insurance benefits, alleging that he became unable to work on April 2, 1972[1] as a result of residuals of his automobile accident. Teague's application for benefits was denied, and his appeals all the way up through the Appeals Council were to no avail. The rationale behind the administrative law judge's adverse determination, which was affirmed by the Appeals Council, was that the Secretary's earlier decision terminating Teague's second period of benefits was *res judicata*, and that there was no new evidence presented at the hearing on Teague's third application which would

---

1. Teague's insured status for disability benefits under the Act expired on December 31, 1973, and thus his application was interpreted as a

request for benefits up until that date. Administrative Record at 14, 16.

sustain a finding that Teague's condition had worsened sufficiently so as to render him unable to engage in substantial gainful activity.

This time, Teague sought judicial review. On December 3, 1975, he filed a complaint against the Secretary in the United States District Court for the Western District of North Carolina. The district court declined to review, on *res judicata* grounds, the evidence which had been before the Secretary on Teague's first two applications, and found substantial evidence for the Secretary's determination that Teague had failed to present any new evidence entitling him to benefits. The district court therefore granted summary judgment for the Secretary, and Teague appealed to this Court.

## II.

■ After Teague filed his appeal, the Supreme Court decided *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), and thus disposed of his argument on the *res judicata* issue. Teague did not seek judicial review within sixty days, as required by § 205(g) of the Act, 42 U.S.C. § 405(g), of the Secretary's decision to terminate his benefits on June 30, 1972. His third application, to the extent that it merely repeated his request that his benefits not be terminated, was in substance a request for a reconsideration. The agency correctly held that its earlier decision was *res judicata*, 20 C.F.R. § 404.937(a) (1976), and the district court correctly held that it had no jurisdiction to review the agency's consequent denial of reconsideration:

> "If a claimant has no right to judicial review of a decision denying him benefits unless he brings an action within sixty days of the denial, he has no right to regain it, or indefinitely extend it, by a perfunctory reassertion of his claim after expiration of the time to seek judicial review." *Easley v. Finch*, 431 F.2d 1351 (4th Cir. 1970).

Our statement in *Easley* has now been reaffirmed by the Supreme Court. Reversing a decision of the Seventh Court relied upon by Teague in his brief, the Supreme Court held in *Sanders, supra*, that judicial review of applications for disability insurance benefits is authorized solely by § 205(g) of the Act, and that this Section does not permit judicial review of agency decisions refusing to reopen a claim proceeding. Thus Teague's failure to seek review within sixty days, as required by § 205(g), rendered the Secretary's decision to terminate final and binding, and deprived the court of the jurisdiction to review.

## III.

■ Teague did seek review within sixty days of the Secretary's decision as to the new evidence presented at the hearing on his third application. However, although we have jurisdiction to review this aspect of the Secretary's decision, the scope of review is very narrow. We cannot view the facts *de novo*, but must merely determine whether the Secretary's decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "Substantial evidence" is defined as "more than a mere scintilla" and is such evidence as a "reasoning mind would accept as sufficient to support a particular conclusion". *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *Blalock v. Richardson*, 483 F.2d at 776; *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Thus we must review the new evidence presented at the hearing on Teague's third application, and determine whether a "reasoning mind" could have concluded that Teague had failed to satisfy his burden of proving himself disabled.

The only new medical evidence presented at the hearing was a three-sentence report from Dr. Lee M. Seagle, Jr. In the report, Dr. Seagle merely referred to his past diagnoses of alcoholism and an ulcer, and stated that Teague had not returned for further treatment. The only other new evidence on the disability issue was Teague's own testimony. Teague testified that he was suffering from two new ailments—arthritis and dizziness. These ailments, however, were hardly new—a great deal of evidence relat-

ing to Teague's arthritis and dizziness had been carefully considered by the Secretary in his decision to terminate Teague's benefits. Teague offered no new evidence regarding his arthritis and dizziness at the hearing on his third application.

 Moreover, the Secretary did not rely entirely on Teague's failure to present any new evidence. His decision that Teague's condition had not deteriorated was also based on the administrative law judge's close observation of Teague at the third hearing:

> "No physical abnormalities were observed of the claimant at the hearing. He appeared to be in good physical health with all his physical movements and actions being normal; and he was emotionally stable and in full command of all mental faculties, displaying a high intelligence level and commendable personality. Also there was nothing in his conduct, appearance or demeanor to indicate any degree of pain. If any of the claimant's impairments or all of them in combination have, in fact, deteriorated to the point that would preclude him from substantial gainful employment since his insured status expired and up to the date of the hearing, such condition certainly was not observable by this presiding officer." Hearing Decision, September 12, 1975, at 7.

Accordingly, we hold that the Secretary's conclusion that Teague's condition had not deteriorated sufficiently since the earlier decision to terminate so as to entitle Teague to disability insurance benefits was clearly supported by substantial evidence.

 Very little need be said with regard to Teague's contention that the Secretary failed to satisfy his burden of proving that a job existed for Teague in the national economy. We held in *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968), and *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975), that the Secretary had such a burden, but only after the claimant satisfied his initial burden of making out a prima facie case of disability to perform his customary occupation. Teague has failed to satisfy that initial burden here.

The dismissal of the complaint is AFFIRMED.