**Matilde MATOS, Plaintiff, Appellant,**

**v.**

**SECRETARY OF HEALTH, EDUCATION AND WELFARE,**
**Defendant, Appellee.**

**No. 77–1100.**

United States Court of Appeals,
First Circuit.

Argued Feb. 8, 1978.
Decided Aug. 9, 1978.

Pedro J. Torres Marcano, Hato Rey, P. R., for plaintiff, appellant.

John M. Rogers, Atty., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C. with whom Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., Julio Morales-Sanchez, U. S. Atty., San Juan, P. R., and Morton Hollander, Atty., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C., were on brief, for defendant, appellee.

Before COFFIN, Chief Judge, BOWNES and MOORE,* Circuit Judges.

MOORE, Circuit Judge:

Matilde Matos brought this suit seeking relief from an administrative decision dismissing her claim under 42 U.S.C. § 423 for social security disability benefits. The suit was dismissed by the district court for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Matos appeals from this judgment.

Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401 *et seq.,* provides disability benefits to persons who suffer a mental or physical disability within the meaning of the Act if the disability arose prior to the expiration of the claimant's insured status. 42 U.S.C. §§ 416(i), 423. On October 15, 1964, appellant applied for disability insurance benefits, alleging disability since July, 1963. The claim was

---

* Of the Second Circuit, sitting by designation.

based on a problem consisting of a chronic fibromyositis of the lumbar muscles of the back. This claim was denied on March 19, 1965, because her condition was determined not to be disabling within the meaning of the law. She filed a request for a redetermination and her claim was again denied on November 13, 1965. Although notified of her right to request a hearing within six months, appellant took no further action on this application.

Matos filed a second application for disability insurance on June 7, 1968, again alleging disability since July, 1963.[1] On January 30, 1969, this claim was denied for reasons similar to the earlier denial. Appellant was notified of her right to seek reconsideration, but she took no further action on the application. The decision became final, within the meaning of the Act, upon appellant's failure to seek further review.[2]

On February 8, 1973, Matos filed her third and most recent application. She submitted additional medical reports in support of this application, but she was informed on May 31, 1973, that her application was denied because it concerned the same issues as those previously considered in earlier applications. She requested reconsideration, which was denied, and then she filed a timely request for a hearing. The hearing examiner, now Administrative Law Judge ("ALJ"), issued an order on October 9, 1973, dismissing, primarily based on the ground of res judicata, appellant's request for a hearing.[3] The ALJ stated:

"The claimant has not submitted any new or material evidence as to her back impairment on or before June 30, 1968, and the new evidence refers to conditions which did not exist at the time when the claimant met the earnings requirements for entitlement to disability insurance benefits. Therefore, the new evidence on record does not warrant any change in the final determination made on the prior application." App. 25.

The Appeals Council affirmed the ALJ's dismissal on February 7, 1974, and appellant sued to seek review of the adverse determination.

Matos alleges that the ALJ did not consider the July 2, 1973, certificate of Dr. Julio E. Frank, Psychiatrist, stating that "patient is disoriented as to time and place. Memory and intellectual resources handicapped" and she was "unable to manage her funds." App. 28–29. Appellant argues that the time limitation for reopening a claim for disability benefits should not apply to a mentally disabled person, and the ALJ in his decision should have considered the evidence of Matos' mental incompetency. She further argues that jurisdiction attaches to review res judicata decisions under the Administrative Procedure Act ("APA").

The question present here is whether § 205(h) of the Act is an absolute bar to judicial review of a denial, based on either res judicata or a decision not to reopen, of a claim for disability benefits, where the decision was not made after a hearing. A

---

1. Matos continued to meet the earnings requirements for disability purposes until June 30, 1968.

2. After a claim determination becomes final, a claimant may file a new claim based on new facts or may apply to reopen the original claim. The regulations provide for reopening the agency determination to give additional consideration for claims. A final determination may be reopened as a matter of right within 12 months, or "upon a finding of good cause for reopening" within four years if new, material evidence is provided or if specific errors are discovered. 20 C.F.R. §§ 404.957(a), (b), and 404.958.

3. The regulations provide:
"The presiding officer may, on his own motion, dismiss a hearing request, either en-

tirely or as to any stated issue, under any of the following circumstances:
(a) Res judicata. Where there has been a previous determination or decision by the Secretary with respect to the right of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, within judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination decision (see §§ 404.911, 404.918, 404.946, and 404.951)." 20 C.F.R. § 404.937(a).

second question is the effect of Matos' mental disability on either of these decisions.

■ The Act itself provides, in § 205(g), for judicial review of administrative decisions in specified instances. It provides in part:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after a mailing to him of notice of such decision or within such further time as the Secretary may allow. . . . " 42 U.S.C. § 405(g).

The Act limits the availability of judicial review of decisions or findings of fact to the procedure spelled out in § 205(g). Section 205(h) of the Act provides:

"The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 to recover on any claim arising under the subchapter." 42 U.S.C. § 405(h).

Since appellant never requested a hearing on her earlier two claims and did not receive a hearing on her third claim, the Act does not provide for judicial review. From the facts of this case we find no additional grounds for jurisdiction available to appellant.

■ First, appellant's third claim may have been treated by the ALJ as a request to reopen an earlier claim. The ALJ stated that "the new evidence" did "not warrant any change in the final determination made on prior application." App. 25. Assuming this statement is considered to be a decision not to reopen the earlier determinations, jurisdiction for judicial review is not available under the APA. *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Adames v. Califano,* 552 F.2d 1 (1st Cir. 1977); *Sampson v. Califano,* 551 F.2d 881 (1st Cir. 1977). The Supreme Court in *Sanders* determined that § 10 of the APA did not provide an independent grant of jurisdiction and held that a decision by the Secretary not to reopen a claim for benefits is not judicially reviewable. The Court stated that "the APA is not to be interpreted as an implied grant of subject-matter jurisdiction to review agency actions." *Sanders, supra,* at 105, 97 S.Ct. at 984.[4] Prior to a final determination in the original claim, appellant could have secured a hearing and judicial review, if she had pursued all her remedies. The holding in *Sanders* provides, in essence, that a claimant is not given a guarantee of a second hearing and court review if he waives the first opportunity.

■ Second, the ALJ explicitly determined that appellant's third claim was barred by *res judicata.* The question is whether the administrative determination of *res judicata* by the ALJ, without a hearing, is reviewable by the courts.[5] Circuit courts in pre-*Sanders* cases consistently held that an allegedly new claim could be dismissed without a hearing as *res judicata* even if the earlier decision had become final

---

**4.** Appellant contends that the statute of limitations period for reopening a claim should not apply to her because of her mental disability, a question left open in *Torres v. Secretary of Health, Education and Welfare,* 475 F.2d 466 (1st Cir. 1973). We have no need to address this issue because the ALJ did not apply the statute of limitations, rather he addressed the merits. He determined that no change in the earlier determination was warranted because "the new evidence refers to conditions which did not exist at the time when the claimant met

the earnings requirement for disability insurance benefits." App. 25.

**5.** In *Sanders,* the ALJ determined that a new application was barred by *res judicata* as well as treating the application as a petition to reopen an earlier claim. However, only the decision to reopen was addressed on appeal. Thus, the Supreme Court has not ruled on the question of the availability of judicial review of *res judicata* determinations made without a hearing.

without a hearing. As the Fourth Circuit stated:

"[W]here a claimant filed an application for disability benefits which was denied on the ground that disability was absent on the terminal date of his insured status and where the claimant failed to exercise his right to reconsideration and to a hearing, the denial was nevertheless *res judicata* of a subsequent application for the same benefits on the same grounds."

*Leviner v. Richardson,* 443 F.2d 1338, 1342 (4th Cir. 1971), referring to *Domozik v. Cohen,* 413 F.2d 5 (3rd Cir. 1969). *See Gaston v. Richardson,* 451 F.2d 461 (6th Cir. 1971). These cases were decided at a time when judicial review was considered to be available under the APA to avoid any abuses of discretion. However, in light of the rationale of the *Sanders* decision, we conclude that these earlier decisions are still valid, and follow them. To allow judicial review of a *res judicata* determination would circumvent the holding in *Sanders.* Under *Sanders,* if a claimant asked that a claim be reopened, a denial of that claim would not be subject to judicial review. However, if a claimant filed a new claim using the same factual basis as in a request for reopening, then a dismissal as *res judicata* would be subject to judicial review. This would have the effect of disturbing the finality of decisions—decisions from which the claimant originally could have made a timely appeal if he had pursued all his remedies. As the Supreme Court stated in *Sanders:*

"[A]n interpretation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. 20 C.F.R. § 404.951 (1976). Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims." 430 U.S. at 108, 97 S.Ct. at 986.

In light of the rationale in *Sanders,* we hold that this court is without jurisdiction to examine appellant's claim which was denied as *res judicata.*[6] The result of lack of jurisdiction creates the possibility that in certain situations the Secretary could dismiss a valid administrative claim on the basis of *res judicata.* Under *Sanders,* the Secretary likewise arbitrarily could refuse to reopen a claim for which "good cause" to reopen had been presented by the claimant. Such results seem unfair, but "[t]he right to receive social security benefits does not derive from the common law or the United States Constitution. It came

---

**6.** If a claimant were to raise a new and different claim, and the Secretary were to refuse to act based on *res judicata,* the claimant would be denied all opportunity for a hearing unless judicial review were available. Such a result would contravene the provisions of the Act, whereby affected parties must be given "reasonable notice and opportunity for a hearing", 42 U.S.C. § 405(b), and of due process. Our holding does not preclude jurisdiction where a colorable constitutional claim is raised. As stated by the Supreme Court in *Sanders:*

"Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions. . . . [W]hen constitutional questions are in issue, the availability of judicial review is presumed . . . ." *Sanders, supra* at 109, 97 S.Ct. at 986.

*See Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Weinberger v. Salfi,*

422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Likewise, the extraordinary remedy of mandamus, provided through 28 U.S.C. § 1361, might be available in those extreme situations where no other remedy was available. As stated by the D.C. Circuit:

"[J]urisdiction on grounds other than Section 1331 has been recognized, albeit cautiously, when *no* provision for review of the particular claims was made in the Act. The courts generally agree, however, that when review procedures applicable to the claim at issue are provided in the Social Security Act, substitute bases for jurisdiction are not to be allowed." *Association of American Medical Colleges v. Califano,* 569 F.2d 101, 112–13 (D.C.Cir.1977) (emphasis in original) (footnotes omitted).

*See Haneke v. Secretary of HEW,* 175 U.S.App. D.C. 329, 535 F.2d 1291 (1976).

into being by Act of Congress". *Gaston v. Richardson, supra* at 466. Congress delineates the jurisdiction of the federal courts to hear claims based on the Act, and any change in this court's jurisdiction must come from Congress.[7]

Finally, the argument arises that *res judicata* could not be a bar because appellant was incompetent to pursue all her administrative remedies at the time of the 1969 denial of her second application.[8] Other Circuits in pre-*Sanders* cases implied that mental illness might destroy the *res judicata* effect of a prior administrative determination. *See Wallace v. Weinberger*, 528 F.2d 700 (6th Cir. 1976); *Leviner v. Richardson*, 443 F.2d 1338, 1343 (4th Cir. 1971).[9]

Whether such a claim gives rise to proper jurisdictional grounds for judicial review need not be addressed here. There is no evidence on the record or presented in argument that indicates that appellant suffered from such a mental disability as to make her unable to pursue her administrative remedies at the time she should have sought further remedy. Nothing in the psychiatric report would indicate that she was mentally unfit to pursue administrative remedies. She was suffering from no mental problems in 1965 when she failed to pursue her administrative remedies, and in 1968 her mental condition did not preclude her from filing her second claim. She has presented no evidence that her condition subsequently prevented her from pursuing, at the time of the 1969 denial of benefits, her full administrative remedies. Thus, no basis exists for relieving the appellant from the *res judicata* determination.

AFFIRMED.

---

7. In establishing judicial review of agency actions, Congress has wide latitude in establishing the type of, and circumstances for, judicial review. As stated by the Supreme Court in *N.L.R.B. v. Cheney Cal. Lumber Co.*, 327 U.S. 385, 66 S.Ct. 553, 90 L.Ed. 739 (1946):

> "When judicial review is available and under what circumstances, are questions (apart from whatever requirements the Constitution may make in certain situations) that depend on the particular Congressional enactment under which judicial review is authorized." *Id.* at 388.

8. Matos' mental disability occurred in 1968. No evidence was presented that the onset of mental disability affected her eligibility for disability benefits, and the ALJ determined that it did not. However, a mental disability at that time could have affected her ability to pursue her administrative remedies.

9. In *Leviner*, the court found that the record, "while containing some suggestions of mental illness, does not show mental illness of an incapacitating degree at the time that claimant's decisions not to pursue his rights to reconsideration and hearing were made." 443 F.2d at 1343. Similarly, in *Green v. Weinberger*, 500 F.2d 203 (5th Cir. 1974), the court found no disability approaching the level of mental illness.