Lorne **LEWIS**, Plaintiff,

v.

**SECRETARY, DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, Defendant.**

No. 77 Civ. 1746 (JMC).

United States District Court, S. D. New York.

Dec. 22, 1980.

---

Patterson, Belknap & Webb, New York City (Frederick T. Davis and Ann Loeb, New York City, of counsel), for plaintiff.

John S. Martin, Jr., U. S. Atty., S.D.N.Y., New York City (J.D. Pope, Asst. U. S. Atty., New York City, of counsel), for defendant.

## MEMORANDUM AND ORDER

CANNELLA, District Judge.

Plaintiff's motion for reconsideration of the Court's decision of September 22, 1978, which granted defendant's motion for judgment on the pleadings, is granted.

Defendant's cross-motion to dismiss part of the complaint for lack of subject matter jurisdiction, and for judgment on the pleadings as to the remainder of the complaint is granted. Fed.R.Civ.P. 12(b)(1), (c).

## FACTS

Plaintiff brings this action under section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Secretary of Health, Education and Welfare [1] [the "Secretary"] denying plaintiff's application, under 42 U.S.C. § 423, for disability insurance benefits. Plaintiff first applied for such benefits in May 1967, complaining that various medical problems had prevented him from working since June 1966. His application was denied and that decision was upheld both upon reconsideration and upon a written decision rendered after a full evidentiary hearing before a Hearing Examiner. Transcript of Administrative Record at 56–122 [hereinafter "Tr."]. Plaintiff did not seek further administrative or judicial review of this decision. Tr. at 12. In October 1971, having met the "earnings requirement" through March 31, 1972,[2] plaintiff

---

1. The Department of Health, Education and Welfare has since been restructured and renamed the Department of Health and Human Services.

2. To be eligible for disability benefits, the applicant must be disabled on or before the last date on which he met the "earnings requirement" of the Social Security Act. This is the last date on which an applicant is fully insured. 42 U.S.C. § 423(c)(1). To meet the earnings requirement, an applicant must have social security credits for 20 calendar quarters of work during a 40-quarter period ending on or after the calendar quarter in which he claims to have become disabled. The last date upon which an applicant will meet the earnings requirement is determined by the amount credited to his social security account at the time he files his application.

again applied for disability benefits, complaining that medical problems with his nerves, heart and lungs had prevented him from working since April 1971. Tr. at 123. Again, his application was denied both initially and upon reconsideration. Tr. at 127–32. Plaintiff was granted another evidentiary hearing, after which Administrative Law Judge ["ALJ"] Neubauer, in a written decision, denied his claim. Tr. at 201–09. On administrative appeal to the Appeals Council of the Department of Health, Education and Welfare, the ALJ's decision was upheld, and plaintiff was notified of his right to seek judicial review. Tr. at 214. Plaintiff, however, did not exercise this right. Tr. at 13. In January 1975, having now met the earnings requirement through June 30, 1972,[3] plaintiff again applied for disability benefits, complaining that a bad back and generalized pains had prevented him from working since 1971. Tr. at 215–18. Like plaintiff's previous two applications, this application was denied both initially and upon reconsideration. Tr. at 219–23. Plaintiff requested and received a hearing before an ALJ and, after reviewing the evidence presented as well as the prior record, ALJ Jacobs, in a written decision, denied the claim. Tr. at 11–55, 224–38. Referring to ALJ Neubauer's decision on plaintiff's second application, ALJ Jacobs issued the following ruling:

[T]he previous decision of the Administrative Law Judge has become final and binding upon the parties since no action to review it was ever commenced. [*See* 20 C.F.R. § 404.951.]

. . . . .

I have carefully considered all of the evidence of record including all of the exhibits in evidence and the testimony received as well as the contentions advanced by the claimant's attorney.

The claimant merely reiterates contentions he has made in connection with his previous applications and at the previous hearing and which have been carefully considered. No new or material evidence is presented concerning the issues which

were finally decided at the time of the previous Administrative Law Judge's decision. Hence that decision is res judicata as [to] all matters decided therein. I find no evidence of any additional limitation or impairment arising between March 31, 1972 and June 30, 1972.

Tr. at 13–14. In his second application, as noted above, plaintiff had been eligible for benefits through March 31, 1972. Thus, because ALJ Neubauer's decision on the second application had not been judicially reviewed, ALJ Jacobs, on the third application, addressed only the question of plaintiff's eligibility between March 31 and June 30, 1972. Tr. at 12–14. ALJ Jacobs's decision was upheld on administrative appeal by the Appeals Council, *see* Tr. at 3–4, 239–81, and in April 1977 plaintiff sought review in this Court. 42 U.S.C. § 405(g).

On September 22, 1978, the Court granted defendant's motion for judgment on the pleadings, *see* Fed.R.Civ.P. 12(c), and dismissed the complaint, finding that the Secretary's decision was supported by substantial evidence, 42 U.S.C. § 405(g). On appeal, the Court of Appeals for the Second Circuit remanded the action to this Court for further consideration, specifically to determine whether this Court lacked subject matter jurisdiction to review the Secretary's decision, an issue not considered by the Court in its September 22, 1978 decision. Having now reviewed the papers submitted with the instant motions, and having again reviewed the administrative record, the Court concludes (1) that it lacks subject matter jurisdiction to review the Secretary's decision on plaintiff's third application with respect to the claim for benefits through March 31, 1972, and (2) that, with respect to the Secretary's denial of benefits for an alleged disability arising between March 31 and June 30, 1972, her decision is supported by substantial evidence and should be affirmed. The Court further concludes that, even if it had jurisdiction to review defendant's decision in its entirety, the complaint should be dismissed because

---

**3.** *See* note 2 *supra.*

defendant's decision as to the pre-March 31, 1972 portion of plaintiff's third application is also supported by substantial evidence.

## DISCUSSION

### Subject Matter Jurisdiction

With respect to plaintiff's claim for benefits through March 31, 1972, the following principles control this Court's decision. *First*, section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides that a "final decision of the Secretary made after a hearing to which [she] was a party" is reviewable in the appropriate United States District Court. The Supreme Court has interpreted this provision to mean that judicial review of the Secretary's declining to reopen a prior final decision under 20 C.F.R. § 404.957 is not reviewable because Congress determined "to limit judicial review to the original decision denying benefits." *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977); *accord, Cappadora v. Celebrezze*, 356 F.2d 1, 4 (2d Cir. 1966). Several Circuit Courts of Appeal have extended the coverage of this holding to situations in which the Secretary dismisses a claim on the basis of *res judicata* under 20 C.F.R. § 404.937(a). *Matos v. Secretary of HEW*, 581 F.2d 282, 286–87 (1st Cir. 1978) (Moore, J., sitting by designation); *accord, Rios v. Secretary of HEW*, 614 F.2d 25, 26 (1st Cir. 1980); *Hensley v. Califano*, 601 F.2d 216 (5th Cir. 1979) (per curiam); *Janka v. Secretary of HEW*, 589 F.2d 365, 367 (8th Cir. 1978); *Teague v. Califano*, 560 F.2d 615, 618 (4th Cir. 1977) (Moore, J., sitting by designation).[4]

■ *Second*, when a claimant takes no action to review a decision of an ALJ, that decision becomes final and binding on the parties. *See* 20 C.F.R. § 404.951. Thus, such a decision is administratively *res judicata* as to all matters decided therein, and the Secretary may dismiss a later claim if it raises the same matters. *See id.*, § 404.-937(a); *Janka v. Secretary of HEW, supra*, 589 F.2d at 367; *Matos v. Secretary of HEW, supra*, 581 F.2d at 284; *Teague v. Califano, supra*, 560 F.2d at 617–18.

In the present case, although ALJ Jacobs did not cite 20 C.F.R. § 404.937(a) or use the word "dismiss" in his decision on plaintiff's third application for benefits, he ruled that plaintiff had raised the same matters therein that he had raised in the second application which, because plaintiff did not seek judicial review of the second decision, was final and binding on the parties. Since the second application referred to plaintiff's eligibility for benefits through March 31, 1972, ALJ Jacobs dismissed plaintiff's third application through that date on *res judicata* grounds. He next considered whether any evidence was presented that would demonstrate plaintiff's entitlement to disability benefits for the period March 31 to June 30, 1972, but concluded there was none.

The Secretary contends that ALJ Jacobs's decision on the third application falls squarely within the rule of *Matos v. Secretary of HEW, supra*, and its progeny, and argues for dismissal for lack of subject matter jurisdiction as to plaintiff's claim for benefits through March 31, 1972. Plaintiff, however, asserts that the Secretary's reliance on the *Matos* line of cases is inapposite because the rule of those cases applies only to either an outright dismissal by the Secretary on *res judicata* grounds or a dismissal by an ALJ on *res judicata* grounds after a "limited and purely discretionary hearing ... to determine whether to reopen a prior decision to dismiss on *res judicata* grounds." Plaintiff's Reply Memorandum of Law at 4–5 (filed Aug. 11, 1980) ["Reply Memo"]. *See Cappadora v. Celebrezze, supra*, 356 F.2d at 4–5. Plaintiff contends that since the hearing before ALJ Jacobs "was in fact a full mandatory hearing on the merits as contemplated by [42

---

4. In support of his assertion that this rule is not unanimously followed, plaintiff cites *Peoples v. Richardson*, 455 F.2d 924 (4th Cir. 1972) and *Stewart v. Califano*, 462 F.Supp. 158 (D.Kan. 1978). *Peoples*, however, predates *Califano v. Sanders, supra*, by five years and is apparently overruled by *Teague v. Califano, supra*. *Stewart* is not controlling authority in this Court because it was decided in the District of Kansas, and is not persuasive authority because it overlooked the rule announced by the several Courts of Appeal cited above.

U.S.C. § 405(b)]," *see* Reply Memo at 5, the *Matos* line of cases does not apply and judicial review is not precluded. Plaintiff emphasizes that the ALJ did not expressly refer to 20 C.F.R. § 404.937(a) or use the word "dismiss" when he issued his *res judicata* ruling, although plaintiff concedes that this regulation could have been used in this case. *Id.* at 6–7.

The Court cannot agree with plaintiff's reading of the cases. Plaintiff concedes that if *res judicata* is applied after a certain type of evidentiary hearing, judicial review would still be precluded. *See Janka v. Secretary of HEW, supra,* 589 F.2d at 366–67; *Teague v. Califano, supra,* 560 F.2d at 617–18; *Cappadora v. Celebrezze, supra,* 356 F.2d at 4–5. But plaintiff's distinction between types of hearings is too simplistic. A fair reading of the cases just cited, as well as *Califano v. Sanders, supra,* 430 U.S. at 108, 97 S.Ct. at 985, indicates that it does not matter whether a hearing is denominated limited or full. Rather, it is whether the *res judicata* decision could have been rendered without a hearing that is determinative. If so, the judicial review provisions of 42 U.S.C. § 405(g) do not apply. In the present case, as in *Janka* and

*Teague,* the hearing on the third application afforded plaintiff an opportunity to submit new or material evidence as to both the prior decision and the period not covered by the prior decision—March 31 to June 30, 1972. Also, in the record, there are a few statements which plaintiff apparently interpreted as guaranteeing him judicial review of his claim for the period prior to March 31, 1972.[5] Nevertheless, plaintiff's expectations based on his opportunity to submit evidence and on these statements in the record do not alter the fact that ALJ Jacobs ruled on *res judicata* grounds only after determining that plaintiff had nothing new to add to his second application. Thus, the *res judicata* decision could have been rendered without a hearing, and the effect of the ALJ's ruling is to bar judicial review of that portion of plaintiff's claim.

Finally, plaintiff contends that the Secretary treated his third application as an original claim on the merits, *see* Plaintiff's Memorandum of Law at 24, 30, 48 (filed June 23, 1980); Reply Memo at 7, and that this treatment brought the claim within the coverage of 42 U.S.C. § 405(g), which provides for judicial review of "any *final deci-*

---

**5.** For example, plaintiff relies on ALJ Jacobs's statement that "[t]his case is properly before me for decision under [42 U.S.C. § 405(b)]," *see* Tr. at 12, as support for the proposition that the ALJ did not rule on *res judicata* grounds. Plaintiff's Memorandum of Law at 25–26, 30 (filed June 23, 1980). This is erroneous, because this section is the only section under which hearings can be held and, as noted above, the mere fact that a hearing has been held does not preclude the application of *res judicata*. In addition, ALJ Jacobs's statement, at the commencement of the hearing, that he would not be bound by the Secretary's decision on plaintiff's second application, read in context, indicates only that he was beginning the hearing with an open mind, not that he was ruling out an application of the *res judicata* doctrine:

> You know that I will receive evidence in this matter, both written and documentary, and make my decision on the complete record, and the purpose of the hearing is to correctly understand what the facts are, so that I can make a correct decision under the law.
> You know that I received this case only after the request for hearing was filed, and I

am not bound by the previous decision, but that I will also consider in evidence the evidence which was considered at the time a previous decision was made on the previous application.

> Now, I will be happy to receive additional evidence and testimony . . . .

Tr. at 21–23. Finally, plaintiff argues that he was "specifically assured of his right to judicial review," *see* Plaintiff's Memo at 30, referring to the statement of the Appeals Council, when it upheld ALJ Jacobs's decision, that "[i]f you desire a court review of the hearing decision, you may commence a civil action." Tr. at 3. The Court does not consider this remark to be an assurance that judicial review would be available for all matters involved in the third application. And even if this did amount to a guarantee of judicial review, it is axiomatic that only Congress can confer subject matter jurisdiction on the federal district courts. Thus, any such assurance by the Appeals Council would not control this Court's determination of whether it has subject matter jurisdiction in this case.

*sion* of the Secretary made after a hearing" (emphasis added). The Supreme Court has construed the term "final decision" as limiting judicial review under this section to an "*original decision* [of the Secretary] denying benefits," because of a congressional "policy choice . . . designed to forestall repetitive or belated litigation of stale eligibility claims." *Califano v. Sanders, supra,* 430 U.S. at 108, 97 S.Ct. at 985 (emphasis added); *accord, Matos v. Secretary of HEW, supra,* 581 F.2d at 286; *Cappadora v. Celebrezze, supra,* 356 F.2d at 4. It appears to this Court that despite the treatment given an application by the Secretary, her decision is either original or it is not, and it is for the Court to make this determination. In the present case, ALJ Jacobs ruled that the third claim was identical to the second, except for the additional eligibility period of March 31 to June 30, 1972. Tr. at 14. Thus, as to benefits claimed through March 31, 1972, which were the subject of ALJ Neubauer's decision on the second application, the third decision could not possibly have been an "original decision denying benefits." On the contrary, the second decision was the "original decision," and was properly held, in the third decision, to be "*res judicata* as [to] all matters decided therein." *Id.* (emphasis added).

*Substantial Evidence*

■ On September 22, 1978, the Court stated that "[u]pon review of the administrative record, . . . the Secretary's decision, to deny plaintiff disability benefits, is supported by substantial evidence." 42 U.S.C. § 405(g). The Court sees no reason to alter that finding which, in light of the foregoing discussion, applies to the period March 31 to June 30, 1972. The Court is also satisfied that the Secretary's decision as to the pre-March 31, 1972 portion of plaintiff's third application is also supported by substantial evidence, which would be a sufficient ground for dismissing the complaint if there were no jurisdictional bar.

## CONCLUSION

Accordingly, defendant's cross-motion to dismiss part of the complaint for lack of subject matter jurisdiction, and for judgment on the pleadings as to the remainder of the complaint is granted. Fed.R.Civ.P. 12(b)(1), (c).