**Emmett S. MULDOON, Plaintiff**

v.

**Michael J. ASTRUE, as he is Commissioner, Social Security Administration, Defendant.**

**Civil Action No. 07–11988–RCL.**

United States District Court,
D. Massachusetts.

Dec. 11, 2008.

Rayford A. Farquhar, United States Attorney's Office, Boston, MA, for Defendant.

## MEMORANDUM OF DECISION

YOUNG, District Judge.

### I. INTRODUCTION

This is a civil action arising out of the denial by the Social Security Administration of pro se plaintiff Emmett Muldoon's ("Muldoon") request to reopen his application for disability benefits, which had previously had been decided in Muldoon's favor in 1998. Muldoon seeks to establish an earlier onset date of disability based on a diagnosis of multiple sclerosis he re-

ceived in 2005, which he alleges relates back to the disability findings in 1998. The Appeals Council denied Muldoon's request to reopen his prior determination on the basis that it was time-barred by the four-year statute of limitations. The Commissioner of the Social Security Administration ("Commissioner") here moves to dismiss Muldoon's amended complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

The Commissioner argues that the Appeals Council's decision not to reopen Muldoon's claim is not a final decision under 42 U.S.C. § 405(g) (2006). Muldoon argues that this Court has subject matter jurisdiction over his two constitutional claims because, he alleges, his due process rights were violated by lack of counsel during the administrative hearing. Muldoon does not, however, raise any constitutional claim arising from the Appeals Council's denial of his request to reopen his prior determination.

## II. FACTS

### A. Procedural Posture

Muldoon received an initial determination denying him disability status on April 4, 1997. (Ex. 2B.) Muldoon appealed the denial of benefits. Following an administrative hearing, he received a fully favorable decision on October 30, 1998. (Ex. 1 at 19–27.) The hearing officer found Muldoon statutorily disabled due to the following severe impairments: "chronic atrial fibrillation, atypical chest pain, thrombocytopenia, hypercholesterolemia, hypertension, status post failed D/C cardiversion [sic], and a history of episodic alcohol dependance and depression." (Ex. 1 at 23.) The hearing officer established September 20, 1995 as the date of onset of disability. (Ex. 1 at 23.) Mul-

doon was not represented by counsel at his hearing, partly due to 45 C.F.R. § 1637.3 (1997), which restricts legal services organizations from engaging in litigation on behalf of incarcerated people. (Ex. 5, "Letter from South Middlesex Legal Services.")

Muldoon received a second favorable determination from the Appeals Council, which found that he was entitled to one additional month of retroactive benefits on the basis of an earlier application. The Appeals Council affirmed the findings of the hearing officer as to the period of disability. (Ex. 3 at 5.)

Muldoon sought judicial review of the Appeals Council's decision in the District Court of Massachusetts on March 9, 1999. (Ex. 4.) *See Muldoon v. Social Sec. Admin.*, No. 99–10419 (D.Mass. Aug. 18, 1999) (O'Toole, J.) (granting the Commissioner's motion to dismiss Muldoon's complaint).[1] Following the dismissal of his complaint, Muldoon appealed to the First Circuit Court of Appeals, which affirmed the District Court's decision. *Muldoon v. Social Sec. Admin.*, 229 F.3d 1133 (1st Cir.2000) (unpublished table decision), *cert. denied*, 531 U.S. 1175, 121 S.Ct. 1147, 148 L.Ed.2d 1010 (2001). Subsequently, Muldoon filed a writ of certiorari to the United States Supreme Court, which was denied. (Ex. 4.)

At issue in this case is the Appeals Council's August 15, 2007 denial of Muldoon's request to reopen his claim. (Ex. 6.) In a letter to Muldoon, the Appeals Council advised him that it did not have the right to reopen his claim. *Id.* The Appeals Council justified its decision on the basis that the time limit for reopening a prior final decision regarding disability is four years from the date of the notice of

1. In his 1999 claim, Muldoon alleged that 42 U.S.C. § 402(x) (2006) violated his constitutional rights on grounds that the statute is punitive. *Id.*

initial determination, which the Appeals Council noted was May 29, 1997. *Id.* Muldoon filed the first complaint associated with the present action in this Court on October 18, 2007. (Pl.'s Original Compl.)

This Court granted the Commissioner's first motion to dismiss Muldoon's complaint for lack of subject matter jurisdiction on May 12, 2008. (Doc. No. 13.) Muldoon filed a Motion to Vacate the Judgment of Dismissal, a Motion for Relief from Judgment,[2] a Motion for Leave to File an Amended Complaint, and a Motion for Extension of Time to file an opposition to the Commissioner's motion to dismiss, all of which were granted. (Doc. Nos. 14–18.) Muldoon's amended complaint was filed on July 14, 2008. (Doc. No. 20.) Before this court is the Commissioner's motion to dismiss the amended complaint, filed on August 14, 2008. (Doc. No. 22.)

**B. Relevant Factual Background**

Muldoon, filing pro se, has been incarcerated since October 1996. (Pl.'s Am. Compl. ¶ 21; Exs. 2, 5.) He is divorced with four children. *Id.*

Eight years after the initial determination of disability, a magnetic resonance imaging test ("MRI") conducted on January 31, 2005 revealed that Muldoon suffers from multiple sclerosis. (Pl.'s Am. Compl. at 2; Ex. 5.) Based on his diagnosis of multiple sclerosis, Muldoon seeks to move the onset date of his disability back from September 20, 1995 to June 1, 1993. (Pl.'s Am. Compl. ¶ 30.) Muldoon alleges that his monthly benefit amount would increase if he can establish an earlier onset date, because the earlier date would impact the formula used to calculate his insured status. (Pl.'s Opp. to Def.'s Mot. at 4.)

Due to his incarceration, Muldoon is unable to receive social security benefits under 20 C.F.R. § 404.468(a) (1997); however, his children are entitled to benefits under 20 C.F.R. § 404.350 (1996).

**III. ANALYSIS**

Although this Court has a duty to draw all inferences in his favor and construe his complaint liberally, Muldoon has failed to allege any facts that would provide this court with subject matter jurisdiction. Here's why:

**A. Standard of Review**

**1. Motion to Dismiss**

The Commissioner filed the present motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). At the pleading stage, a plaintiff must submit "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. (8)(2). A court reviewing a motion to dismiss for lack of subject matter jurisdiction must accept all factual allegations as true and draw all reasonable inferences in the non-moving party's favor. *Aguilar v. U.S. Immigration and Customs Enforcement Div. of Dept. of Homeland Sec.*, 510 F.3d 1, 8 (1st Cir.2007). If a petitioner fails to state a ground for subject matter jurisdiction, the claim must be dismissed. *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007); *see also Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995) (holding that the party asserting jurisdiction has the burden of proving its existence).

**2. Pro Se Pleadings**

A reviewing court is "required to construe liberally a pro se complaint and may

---

**2.** Muldoon claims that his amended complaint, allegedly filed on April 23 2008, had not been docketed by this court. (Pl.'s Mot. for Leave to File Am. Compl. at 1–2.) This court subsequently granted Muldoon leave to file his amended complaint, which is the basis for the Commissioner's motion to dismiss. (Pl.'s Mot. for Relief from J. at 1–2.)

affirm its dismissal only if a plaintiff cannot prove any set of facts entitling him or her to relief." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir.1997) (citing *Rockwell v. Cape Cod Hosp.*, 26 F.3d 254, 255 (1st Cir.1994)); *see, e.g., Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam). Despite liberal construction requirements, a pro se party must still comply with procedural and substantive law. *Ahmed*, 118 F.3d at 890.

## B. Muldoon's Claim.

**1. The Appeals Council's Denial Of Muldoon's Request To Reopen A Prior Determination Is Not A Final Decision Subject To Judicial Review Under 42 U.S.C. § 405(g).**

■ Judicial review of the decisions of the Social Security Administration may only be sought "after any final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was a party." 42 U.S.C. § 405(g) (2006). The Appeals Council has discretion to deny a request to reopen a prior final decision without a hearing; such discretion is provided by regulation, not by statute. 20 C.F.R. § 404.987(b) (1994). The regulations state that a denial of a request to reopen a claim is not subject either to administrative or judicial review. 20 C.F.R. § 404.903(*l*) (2007). *Califano v. Sanders* established the rule that, absent a constitutional claim, an Appeals Council's discretionary denial of a request to reopen a prior determination is not a final decision that would provide this court with subject matter jurisdiction under 42 U.S.C. § 405(g). 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). *See also Dudley v. Secretary of Health and Human Serv.*, 816 F.2d 792, 795 (1st Cir.1987); *Dvareckas v. Secretary of Health and Human Serv.*, 804 F.2d 770, 771–72 (1st Cir.1986); *Rios v. Secretary of Health, Educ., and Welfare*, 614 F.2d 25, 26–27 (1st Cir.1980); *Matos v.*

*Secretary of Health, Educ., and Welfare*, 581 F.2d 282, 285 (1st Cir.1978). Accordingly, this court does not have subject matter jurisdiction over the Appeals Council's denial of Muldoon's request under 42 U.S.C. § 405(h).

**2. The Appeals Council Lacked Authority To Reopen Muldoon's Prior Determination Past May 29, 2001.**

■ By regulation, the Appeals Council lacks authority to reopen a claim for benefits beyond four years from the date of the initial determination. 20 C.F.R. § 404.988(b); *see Sanders*, 430 U.S. at 108, 97 S.Ct. 980. Muldoon filed his request to reopen the prior determination with the Appeals Council on October 28, 2005, more than eight years past date of initial determination (Ex. 5), which was May 29, 1997 (Ex. 6.) To satisfy the four-year statute of limitations, Muldoon would have had to have filed his request to reopen his claim by May 29, 2001. Accordingly, the Appeals Council properly carried out the mandate of 20 C.F.R. § 404.988(b) in denying Muldoon's request to reopen the prior determination beyond four years from the date of the initial determination.

**3. The *Sanders* Exception Does Not Apply Because Muldoon's Constitutional Claims Relate To The Administration's Prior Determination, Not To The Procedure By Which The Appeals Council Denied His Request To Reopen The Prior Determination.**

■ Although *Sanders* created an exception for colorable constitutional claims, Muldoon's Fifth Amendment claims allege a denial of his due process rights during administrative review over his prior determination, not to the Appeals Council's actions. *See Sanders*, 430 U.S. at 108, 97 S.Ct. 980 (creating an exception for judicial

review over colorable constitutional claims); *Torres v. Secretary of Health and Human Serv.,* 845 F.2d 1136, 1138 (1st Cir.1988); *Matos,* 581 F.2d at 286 n. 6. At least one District Court in the First Circuit has held that a claimant's alleged deprivation of constitutional rights "must relate to the manner or means by which the [Commissioner] decided not to reopen the prior decision, rather than to the merits of the prior decision or the means by which that decision was reached." *Rodriguez Flores v. Apfel,* 28 F.Supp.2d 67, 70 (D.P.R.1998) (quoting *Panages v. Bowen,* 871 F.2d 91, 93 (9th Cir.1989)); *see also Cherry v. Heckler,* 760 F.2d 1186, 1189–90 (11th Cir.1985); *Steebe v. United States R.R. Ret. Bd.,* 708 F.2d 250, 255–56 (7th Cir.1983). Accordingly, this court does not have subject matter jurisdiction over Muldoon's constitutional claims.[3]

**4. Muldoon Does Not Allege Any Facts To Show That The Doctrine Of Equitable Tolling Should Apply.**

The Appeals Council justified their denial on the basis that the four-year statute of limitations prevented it from reopening his prior determination. Muldoon alleges that his mental impairments precluded him from complying with the statute of limitations. (Pl.'s Opp. at 4; Pl.'s Am. Compl.

¶ 10.) For the reasons that follow, Muldoon cannot show that a mental impairment prevented him from filing within four years from the date of the initial determination.

**a. Equitable Tolling Does Not Apply To Muldoon's Time–Barred Request To Reopen The SSA's Prior Determination.**

The First Circuit has established guidelines for applying the doctrine of equitable tolling; however, there are no cases directly on point addressing whether equitable tolling applies to this four-year statute of limitations.[4] Muldoon does not specifically allege that the doctrine of equitable tolling ought apply; however, this Court may infer from the alleged facts that he is seeking an exemption from the statute of limitations for equitable reasons. *See Ahmed,* 118 F.3d at 890 (stating that "if [a pleading party] present[s] sufficient facts, the court may intuit the correct cause of action, even if it is imperfectly pled"). For the reasons that follow, even if equitable tolling may apply to the four-year statute of limitations, Muldoon does not allege any facts to show that equitable tolling should apply in this case.

---

**3.** Indeed, Muldoon's due process claims appear to be without merit. *See Currier v. Secretary of Health, Educ., and Welfare,* 612 F.2d 594, 598 (1st Cir.1980) (requiring hearing officer to identify etymology only when there is an obvious need on the record); *Howard v. Barnhart,* 379 F.3d 945, 948–49 (10th Cir. 2004) (finding no duty on hearing officer to obtain medical evidence when he could make a determination of disability based on functional limitations); *see, e.g., Hawkins v. Chater,* 113 F.3d 1162, 1167–68 (10th Cir.1997); *Cannon v. Harris,* 651 F.2d 513 (7th Cir. 1981); *Sims v. Harris,* 631 F.2d 26, 28 (4th Cir.1980) (reiterating clear or obvious need standard).

**4.** Likely, this is because judicial review over the Appeals Council's denial of a request to

reopen is barred in the first instance. It is necessary, however, to address equitable tolling here, because Muldoon alleges that a mental impairment precluded him from complying with the statute of limitations, which was the basis of the Appeals Council's denial. The First Circuit peripherally addressed the scenario in which a claimant might file a request to reopen a claim beyond the statute of limitations in *Mills v. Apfel,* 244 F.3d 1, 8–9 (1st Cir.2001). The First Circuit observed that a claimant who presented new evidence pertaining to mental impairments that might support a finding of total disability could not request to reopen his earlier claim as a remedy because it would be time-barred. *Id.*

**(1) Muldoon Does Not Allege Facts To Show That Any Of The First Circuit Equitable Tolling Factors Apply.**

The doctrine of equitable tolling applies to statutes of limitation under a narrow set of circumstances, none of which are present in this case. The Supreme Court held in *Bowen v. New York* that equitable tolling applies to the sixty-day statute of limitations allowing judicial review over a final decision by the Commissioner as set forth in 42 U.S.C. § 405(g). *Bowen v. New York*, 476 U.S. 467, 480, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). The fairness concerns prevalent in *Bowen* included a claim not timely filed for illness, accident, destruction of records, mistake, a claimant's misunderstanding of procedures, a claimant's inability to collect information in a timely manner, or when the Administration misleads the claimant. *Id.* at 480, 106 S.Ct. 2022. *See* 20 C.F.R. §§ 404.911 & 404.989 (2006). The Court reasoned that tolling applies when it serves the purpose of the Act. *Bowen*, 476 U.S. at 481–82, 106 S.Ct. 2022. When tolling is invoked, however, it is applied "sparingly." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The Social Security Administration addressed these fairness concerns in 20 C.F.R. § 404.988(c), which provides that a prior determination may be reopened at any time if it meets one of the eleven equitable reasons. In its denial, the Appeal Council noted that it did not find any reason under its rules to reopen the prior determination. (Ex. 6.)

The First Circuit has established five factors that may guide a court in determining whether equitable tolling applies:

1) a lack of actual notice of the time limit;

2) a lack of constructive notice of the time limit;

3) diligence in the pursuit of one's rights;

4) an absence of prejudice to a party-opponent; and

5) the claimant's reasonableness in remaining ignorant of the time limit.

*Jobe v. I.N.S.*, 238 F.3d 96, 100 (1st Cir. 2001) (citing *Benitez–Pons v. Commonwealth of Puerto Rico*, 136 F.3d 54, 61 (1st Cir.1998)). Muldoon does not allege that any of these factors apply here. If equitable tolling applies, this Court would have to turn to the general principles of the doctrine.

**(2) Muldoon Has Not Shown That His Mental Impairment Prevented Him From Filing Within Four Years From The Date Of The Initial Determination.**

Even if equitable tolling applies to the four-year statute of limitations for reopening a prior determination generally, it is not applicable to the facts alleged in Muldoon's amended complaint. First, there is no absolute rule requiring equitable tolling for mental disability claims. *Lopez v. Citibank, N.A.*, 808 F.2d 905, 906–07 (1st Cir.1987). Second, the First Circuit has held that symptoms stemming from multiple sclerosis have not precluded a pro se claimant from pursuing her appeals. *Niemi v. Shalala*, 81 F.3d 147 (1st Cir.1996) (unpublished table decision). Third, equitable tolling generally only applies when circumstances beyond the litigant's control prevent him from complying with the statute of limitations. *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir.2001) (declining to extend tolling to statute of limitations for defendant who demonstrated an ability to exhaust his appeals); *see also Trenkler v. United States*, 268 F.3d 16, 25 (1st Cir.2001). Muldoon has not alleged any facts to show that mental illness is the reason for his failure to file his request to reopen before May 29, 2001. The Commissioner argues that the mental illness exception does not apply here because Muldoon exercised all of his appel-

late rights. Muldoon, filing pro se, appealed to the First Circuit and Supreme Court in 1999 and 2001, the period during which Muldoon would have had to allege that mental impairments precluded him from filing a timely request with the Appeals Council. Muldoon has not alleged that he was unaware of the four-year statute of limitations or that his condition prevented him from complying with the statute of limitations.[5] Rather, he alleges that a mental impairment "affected his ability to properly set forth his claims," which references administrative proceedings during the period between 1997–2001. (Pl.'s Am. Compl. ¶ 10.) Muldoon has not alleged any facts to show that, even with a diagnosis prior to 2001, Muldoon's symptoms affected his ability to comply with the statute of limitations.

**(3) Muldoon's Duty To Exercise Reasonable Due Diligence Encompassed A Duty To Seek A Diagnosis Before The Statute Of Limitations Expired.**

Muldoon practically could not have presented any of the existing evidence regarding his diagnosis of multiple sclerosis before May 29, 2001, because his condition was not diagnosed until January 31, 2005 after a "routine MRI." (Pl.'s Am. Compl. at 4.) The diagnosis itself may thus be characterized as a circumstance beyond his control. Muldoon acknowledges that the "first indication" that he possibly suffered from multiple sclerosis was in December 2004, and the impairment was not "initially discovered" until January 2005. (Pl.'s Am. Compl. at 4, 6.) Taken as true, these state-ments suggest that Muldoon could not have been on notice of his condition until after the statute of limitations had expired.

Yet Muldoon did not exercise reasonable due diligence in obtaining a diagnosis for his severe impairments prior to 2001, which would have allowed him timely to file a request to reopen the prior determination. A claimant has a duty to exercise reasonable due diligence in obtaining the information essential to his claim. *Cao v. Puerto Rico,* 525 F.3d 112, 115–16 (1st Cir.2008). Muldoon cites to *Torres v. Secretary of Health, Ed., and Welfare,* 475 F.2d 466, 468 (1st Cir.1973), for the notion that "limitation periods have generally exempted from their operation plaintiffs who are subject to legal disabilities, such as mental impairments." (Pl.'s Opp. at 4.) The First Circuit remanded *Torres* back to the Social Security Administration to afford the claimant the opportunity to present evidence supporting his claim that mental impairments prevented him from filing his request within the four-year statute of limitations. *Id.* at 469. *Torres* left open, however, the question of whether the statute of limitations should apply to a claimant alleging a mental impairment. *See Matos,* 581 F.2d at 285 n. 4.

The First Circuit has held that the doctrine of equitable tolling imposes a duty on the claimant to "act reasonably in considering and investigating the possibility" that he suffers from an injury "as soon as one is on notice of injury." *Bernier v. Upjohn Co.,* 144 F.3d 178, 180 (1st Cir. 1998). Muldoon alleges "years of cognative [sic] and memory problems." (Pl.'s Am. Compl. ¶ 20.)[6] Muldoon's statements

---

5. Muldoon's Amended Complaint and Opposition to Defendant's Motion To Dismiss focus almost exclusively on his constitutional claims. He provides a single statement requiring an inference that his mental impairment may have prevented him from complying with the statute of limitations. (Pl.'s Am. Compl. ¶ 10.)

6. Muldoon also states that "[i]t would not have required a great leap of imagination to conclude that these symptoms [relating to his disability] could have been connected to MS back in 1997." (Pl.'s Opp. at 7.)

suggest that he was on actual or constructive notice that he may suffer from an injury requiring treatment and a diagnosis by a medical professional. Reasonable efforts required him to obtain treatment in the time period between 1997–2001. Muldoon has not alleged that circumstances surrounding his incarceration prevented him from seeking medical attention for his condition. Muldoon did not discharge his duty to exercise reasonable due diligence by obtaining a diagnosis for his severe impairments prior to the expiration of the statute of limitations.

For the aforementioned reasons, the doctrine of equitable tolling does not apply to this case. Muldoon's allegation that his mental impairment prevented him from filing his request within the statute of limitations does not create an exception to 20 C.F.R. § 404.988(b). Accordingly, this court does not have subject matter jurisdiction under 42 U.S.C. §§ 405(g) and (h) over the Appeals Council's proper exercise of the four year statute of limitations.

## IV. CONCLUSION

The Appeals Council's proper exercise of the four-year statute of limitations under 20 C.F.R. § 404.988(b) is not a final decision of the Commissioner that would provide this court with subject matter jurisdiction under 42 U.S.C. § 405(g) and (h). Muldoon has failed to allege a colorable constitutional claim in relationship to the Appeals Council's decision or sufficient grounds for equitable tolling, either of which would create an exception to the bar against judicial review. For the foregoing reasons, this Court **GRANTS** the Commissioner's motion to dismiss for lack of subject matter jurisdiction (Docket No. 22.)

SO ORDERED.