George PLAGIANOS, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. 83 Civ. 0093 (MP).

United States District Court, S.D. New York.

Sept. 27, 1983.

George Plagianos, plaintiff-pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., for defendant by Richard A. Simpson, Asst. U.S. Atty., New York City.

## MEMORANDUM

MILTON POLLACK, District Judge.

Plaintiff seeks a judicial review of the determination of the Department of Health and Human Services dismissing his claim for continued benefits under the Disability Insurance and Supplemental Security Income programs administered by the Department's Social Security Administration. The dismissal of plaintiff's claim was entered upon his default in appearing for a hearing before an agency Administrative Law Judge. Plaintiff relies upon 42 U.S.C. § 405(g) to invoke this Court's jurisdiction. That section provides, in pertinent part:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision ... Such action shall be brought in the district court of the United States. ... The review procedure established in the above section is exclusive. 42 U.S.C. § 405(h).

The defendant Secretary of the Department moves to dismiss this suit for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted, pursuant to Fed.R.Civ.P. Rules 12(b)(1) and (6), respectively.

In October, 1981, plaintiff was notified that he was not eligible to receive Disability Insurance or Supplemental Security Income payments after November, 1981. Plaintiff filed a timely request for a hearing before an Administrative Law Judge to contest this determination. On May 4, 1982, plaintiff failed to attend his hearing. Plaintiff's telephoned request for an adjournment of the hearing, however was granted: plaintiff's reason for making that request was that he was spitting up blood.

Plaintiff failed to appear for the adjourned hearing, scheduled for 3:30 p.m. on June 1, 1982. At 3:30, plaintiff called the Administrative Law Judge's office, requesting further adjournment as plaintiff had not slept all day. He did not explain why he had not called earlier. At the direction of the Judge's staff, he called back at 5:00 p.m. During the second call, plaintiff stated that he was spitting up blood, but did not mention his earlier explanation of sleeplessness.

On June 3, 1982, the Administrative Law Judge dismissed plaintiff's request for a hearing, finding that "claimant's reasons for his failure to appear at the scheduled hearing are not credible and do not constitute good cause to further schedule this case for hearing." Plaintiff's request for Social Security Administration Appeals Council review of this dismissal was denied on September 27, 1982. Plaintiff subsequently brought this action.

■ Pursuant to the limiting language of 42 U.S.C. § 405(g), to invoke district court review of the agency proceedings there must have been a hearing before the agen-

cy to which the claimant was a party, and a rendition of a decision on the merits adverse to the claimant.

■ Thus, when there was no hearing and determination of the merits by a final decision, there is nothing for the court to review, and additionally, absent any constitutional question,[1] an application for judicial review fails to state a claim on which relief may be granted.

■ In this case plaintiff defaulted twice in appearing for a hearing, and the ALJ found that the defaults were without any credible excuses. The ALJ further found that plaintiff's reasons for failing to appear did not constitute "good cause" to grant a further scheduled hearing. The Appeals Council affirmed the ALJ, and denied plaintiff's request to set aside his defaults. In accordance with the principles set forth above, this court has no authority to review such denial.

This decision accords with other case law construing 42 U.S.C. § 405(g) and its impact upon the reviewability of agency decisions that a claimant's failure to comply with proper administrative procedures denies the claimant any right to a further hearing. *See Rosario v. Schweiker,* 550 F.Supp. 118 (E.D.N.Y.1982) (§ 405(g) blocks review of the agency's denial of a request to extend the deadline for requesting a hearing before an ALJ); *Watters v. Harris,* 656 F.2d 234 (7th Cir.1980) (same); *Penner v. Schweiker,* 701 F.2d 256 (3rd Cir.1983) (same). *Cf. Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) (§ 405(g) does not authorize review of Secretary's refusal to reopen a previously adjudicated claim for benefits).

In conclusion, this court finds that it has no authority to review the agency's decision not to grant plaintiff a further hearing in this matter.

IT IS ACCORDINGLY ORDERED that defendant's motion to dismiss the complaint is granted.

So ordered.

1. *See Penner v. Schweiker,* 701 F.2d 256 (3rd Cir.1983) (held, district court may review agency's refusal to grant untimely request for an

ALJ hearing when claimant asserts colorable constitutional claim that such denial violated his due process rights.)