John DOE, Plaintiff, Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.

No. 83–1229.

United States Court of Appeals, First Circuit.

Submitted May 11, 1984.

Decided Sept. 27, 1984.

**4**

John Doe, on brief, pro se.

William F. Weld, U.S. Atty., Ralph A. Child, Asst. U.S. Atty., Boston, Mass., and Donna McCarthy, Asst. Regional Atty., Dept. of Health and Human Services, Washington, D.C., on brief, for defendant, appellee.

PER CURIAM.

The question here is whether the district court had jurisdiction to review the Secretary's final decision dismissing claimant's request for a hearing. In accordance with 42 U.S.C. § 1383(c)(1), a hearing was scheduled at which claimant, an SSI recipient, could contest his benefit level. The hearing was continued, but claimant failed to appear on the scheduled continuance date. He thereafter informed the ALJ before whom the hearing had been scheduled that he would be unable to attend any hearing that month or probably the next two months because of "[a] continuing series of illnesses," "[c]urrent lack of preparation for argument," "[t]he need to restrict [his] activities in preparation for surgery," and an "inability to obtain lawyer services." The ALJ, not satisfied with claimant's response, warned him that unless he submitted "a satisfactory reason including a medical certificate," he would be deemed to have abandoned the hearing and his request for a hearing would be dismissed. Unsatisfied with claimant's further response (the response is not in the record), the ALJ dismissed the case, and the Appeals Council denied review.

In his district court complaint and amended complaints, claimant challenged the dismissal (as well as a number of other matters) contending, among other things, that he was too poor to go to a doctor and get a medical certificate and that consequently the dismissal of his request for a hearing violated due process. The district court dismissed the action for lack of jurisdiction without reaching the merits of any of claimant's claims.

■■■ The district court's jurisdiction was limited to review of "any final decision of the Secretary made after a hearing . . ." 42 U.S.C. §§ 405(g) and (h).[1] While the decision dismissing claimant's request for a hearing was a final decision, we do not think it was the type of final decision Congress intended routinely to subject to judicial review. *See Plagianos v. Schweiker,* 571 F.Supp. 495 (S.D.N.Y.1983) (no jurisdiction to review dismissal of request for a hearing). It is not every final decision made after a hearing which is routinely subject to judicial review under 42 U.S.C. § 405(g). As we noted in *Rios v. Secretary of Health, Education and Welfare,* 614 F.2d 25, 26 (1st Cir.1980), "final decision of the Secretary" generally means "the initial substantive decision of the Secretary on the benefits claim."

■■■ The situation in the present case is similar to that in *Matos v. Secretary of Health, Education and Welfare,* 581 F.2d 282 (1st Cir.1978). There we concluded the district court lacked jurisdiction under 42 U.S.C. § 405(g) and (h) to review a claim dismissed by the Secretary as barred by res judicata. We recognized that unfairness could result were the Secretary to dismiss a valid administrative claim on the basis of res judicata. But, we said

"[T]he right to receive social security benefits does not derive from the com-

---

1. We reject claimant's contention that 42 U.S.C. § 405(h) does not apply to SSI cases. The sensible and correct construction of 42 U.S.C. § 1383(c)(3) is that SSI cases are reviewable in the same manner as disability cases.

mon law or the United States Constitution. It came into being by Act of Congress' .... Congress delineates the jurisdiction of the federal courts to hear claims based on the Act, and any change in this court's jurisdiction must come from Congress."

*Matos*, 581 F.2d at 286–287.

The same is true here. Occasionally a claimant may unfairly be denied a statutory right to a hearing, but it is largely up to Congress to weigh the benefits and costs of affording judicial review and to expand or restrict jurisdiction accordingly.

Nor does claimant come within the exception recognized for claims of constitutional dimension. *See Califano v. Sanders*, 430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977); *Matos*, 581 F.2d at 286 n. 6. Claimant claims a denial of due process inhering in his indigency and having been requested to furnish a medical certificate. We see none. Claimant represented he had had a continuing series of illnesses, expected to be unable to attend a hearing for two months, and was preparing for surgery. In such circumstances the Secretary could reasonably expect such a person would be able to secure a medical note from his attending physician or surgeon explaining the nature of the illness, its expected duration, and its functional limitations without the necessity of an additional office visit or incurring significant expense.

This case falls considerably short of the demonstration of the presence of a constitutional issue in *Penner v. Schweiker*, 701 F.2d 256 (3d Cir.1983) (faulty notice of adverse determination by Secretary). Under such a standard, we think that for claimant to prevail, he would, for example, have to allege that he tried to obtain a doctor's note, that his doctor refused to provide it unless claimant paid an additional charge, that he could not afford the charge, and that he timely informed the Secretary of the foregoing, explained the nature of the illness himself, and furnished the Secretary with the name, address, and phone number of the physician, but the Secretary still insisted on a medical certificate and dismissed the request for a hearing.

We see no tenable constitutional claim and affirm the dismissal for lack of jurisdiction.

*Affirmed.*