**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ESTATE OF BERNADETTE F.
LEGO,

        Plaintiff-Appellant,

v.

MICHAEL O. LEAVITT, Secretary of
the Department of Health and Human
Services,

        Defendant-Appellee.

No. 06-1498
(D.C. No. 05-cv-01260-JLK)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **MURPHY** and **HOLMES**, Circuit Judges.

The Estate of Bernadette Lego ("the Estate") appeals from the district

court's decision granting the motion to dismiss filed by Michael O. Leavitt,

Secretary of the Department of Health and Human Services ("the Secretary"), and

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissing the Estate's complaint for lack of subject matter jurisdiction.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Background

In August 2001, Bernadette Lego, a recipient of Medicare Part C benefits, was admitted to Porter Adventist Hospital in Denver, Colorado. At the end of September, Mr. Robert Lego, an attorney and Mrs. Lego's husband, received notice that if Mrs. Lego continued her stay at Porter, she would no longer be covered by Medicare and would be responsible for payment of all costs of services. This determination was based on the Medicare review program's assessment that acute hospital care was no longer medically necessary. Mr. Lego sought reconsideration of the decision and it was denied. Mrs. Lego remained at Porter until November 9. In December, Mr. Lego timely requested a hearing before an Administrative Law Judge (ALJ) to review the denial of coverage. After Mrs. Lego's death in June 2002, Mr. Lego continued the administrative appeal on behalf of the Estate.

On May 30, 2003, Mr. Lego appeared at a hearing. The ALJ's decision reflects that "Mr. Lego testified that he did not know why a hearing was being held as it was his understanding that there was a zero balance on the account and that no collection actions had been undertaken." Aplt. App. at 21. The ALJ adjourned the hearing to contact the provider, Centura Health, in order to clarify

the matter.  *Id.*  The ALJ learned that there was an outstanding amount in excess of $144,000 and that it was an active collection account.  *Id.*

After the ALJ obtained this clarification, the ALJ's staff contacted Mr. Lego to reschedule the hearing.  In September 2004, another hearing was scheduled for November 22, 2004.  Mr. Lego contacted the ALJ's office by telephone on November 19 to inform them that he was ill and requested a continuance of the hearing.  After Mr. Lego's phone call, the ALJ indicated that he would not consider a continuance unless he could speak with Mr. Lego's physician regarding Mr. Lego's medical condition.  The ALJ did speak with Mr. Lego's physician, although Mr. Lego was not permitted to participate in the phone call.

On the day of the hearing, November 22, Mr. Lego filed an "Emergency Motion to Continue Hearing and for Expedited Determination of Such Continuance."  Representatives for Centura Health appeared at the hearing and opposed the motion for a continuance.  Mr. Lego did not appear.  On December 29, the ALJ issued a decision denying the request for a continuance and determining that "good cause" did not exist for Mr. Lego's failure to appear at the hearing.  *Id.* at 23.  Because Mr. Lego had not established good cause for not appearing at the hearing, the ALJ dismissed the request for a hearing, which left the earlier determination of non-coverage in effect.

Mr. Lego sought review of the ALJ's decision through the Medicare Appeals Council (MAC). In May 2005, the MAC denied the request, concluding that there was no legal basis to review the ALJ's decision. In July 2005, Mr. Lego filed a complaint in district court on behalf of the Estate seeking judicial review of the ALJ's decision. The Secretary filed a motion to dismiss, arguing that the district court lacked subject matter jurisdiction over the Estate's complaint. The district court granted the motion and dismissed the case. The Estate appealed.

## Discussion

The Estate asserts that the district court erred by (1) failing to provide factual findings and conclusions of law in violation of Fed. R. Civ. P. 52 when the district court entered the order dismissing the complaint; and (2) granting the Secretary's motion to dismiss for lack of subject matter jurisdiction. We review de novo the district court's dismissal of the Estate's complaint for lack of subject matter jurisdiction. *See Harline v. Drug Enforcement Admin.*, 148 F.3d 1199, 1202 (10th Cir. 1998).

### Rule 52

The Estate argues that the district court violated Rule 52(a) by not providing factual findings and conclusions of law when the district court entered its order granting the Secretary's Fed. R. Civ. P. 12(b)(1) motion to dismiss. The

Estate, however, provides an incomplete citation to Rule 52 thereby misrepresenting the scope of the rule. In its brief, it states, "Fed. R. Civ. P. 52(a) provides that a court 'shall find the facts specially and state separately its conclusions of law thereon . . . .'" Aplt. Br. at 14. The Estate neglects to include in this excerpt an important and highly relevant portion of the rule, which states: "Findings of fact and conclusions of law *are unnecessary on decisions of motions under Rule 12* or 56 or any other motion except as provided in subdivision (c) of this rule." Fed. R. Civ. P. 52(a) (emphasis added). Subdivision (c) does not apply here because it relates to proceedings involving a trial without a jury. *See* Fed. R. Civ. P. 52(c). The district court was therefore not required by Rule 52 to provide findings of fact and conclusions of law when it granted the Secretary's 12(b)(1) motion to dismiss.

Moreover, we find the district court's order sufficient to enable us to conduct our appellate review. In the Secretary's motion to dismiss, he argued that the district court lacked subject matter jurisdiction because there was no final decision after a hearing as required by 42 U.S.C. § 405(g) and that the Estate had not alleged a colorable constitutional claim such that the Estate's failure to exhaust its administrative remedies should be excused. In the order, the district court granted the motion to dismiss and then stated: "This case is DISMISSED for lack of subject matter jurisdiction. Plaintiff failed to exhaust all administrative remedies." Aplt. App. at 126. Given that the district court granted

the motion to dismiss and dismissed the case on the basis argued for by the Secretary in his motion, there was no need for further discussion by the district court to enable this court to review the order.

Jurisdiction

The Estate argues that the district court erred in dismissing its complaint for lack of subject matter jurisdiction because its complaint falls within the judicial review language of 42 U.S.C. § 405(g). Section 405(g) is applicable to the review of benefit decisions on Medicare+Choice Plans, substituting the Secretary for the Commissioner of the Social Security Administration where § 405(g) refers to the Commissioner. *See* 42 U.S.C. § 1395w-22(g)(5). The provision states in relevant part: "Any individual, after any final decision of the [Secretary] made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . ." *Id.* § 405(g).

Here, the ALJ dismissed the Estate's request for a hearing based on 20 C.F.R. § 416.1457(b)(1). Under § 416.4157(b)(1)(i), an ALJ may dismiss a request for a hearing if: (1) neither the plaintiff nor their representative appears at the time and place set for the hearing; (2) the plaintiff has been notified before the time set for the hearing that the request for a hearing may be dismissed without further notice for failure to appear; and (3) good cause has not been found for the plaintiff's failure to appear. The ALJ concluded that the Estate had not demonstrated good cause for its failure to appear at the hearing. This left the

-6-

earlier determination of non-coverage in effect and no hearing was held on the merits of the Estate's claim regarding the denial of Medicare benefits.

In *Califano v. Sanders*, the Supreme Court held that § 205(g) (later codified as § 405(g)) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" 430 U.S. 99, 108 (1977) (quoting § 205(g)). Although *Califano* involved a different type of proceeding–a petition to reopen a prior final decision–the Fifth Circuit applied *Califano* to a case that is virtually identical to the case here. In *Brandyburg v. Sullivan*, 959 F.2d 555, 556-57 (5th Cir. 1992), the plaintiff requested a hearing with an ALJ after his application for supplemental security income disability benefits was denied initially and on reconsideration. His hearing was rescheduled twice. Five days before the hearing was scheduled to take place, plaintiff's attorney requested a continuance. Neither plaintiff nor his attorney appeared at the hearing. Subsequently, the ALJ entered an order dismissing the request for a hearing based on his finding that plaintiff had failed to appear at the hearing without good cause. Plaintiff sought review of the ALJ's dismissal, but the Appeals Council denied review. Plaintiff then filed an action in federal district court. Defendant filed a motion to dismiss, arguing that the court lacked jurisdiction because plaintiff had failed to exhaust his administrative remedies and there had been no final decision of the Secretary within the meaning of § 405(g). The district court granted the motion. The Fifth Circuit affirmed, noting that *Califano* explicitly

held "that § 405(g) only authorizes judicial review when there is a hearing." *Id.* at 561. Moreover, the court went on to explain that it and other circuits had held that district courts lack jurisdiction to review other types of procedural dismissals under § 416.1457 and that a dismissal for failure to appear at a hearing should be treated the same way. *Id.* Accordingly, the Fifth Circuit held "that the district court was correct in its holding that the ALJ's dismissal of [plaintiff's hearing] request was not a 'final decision' subject to judicial review under section 405(g)." *Id.* at 562.

Relying on the language of § 405(g) and the cases referenced above, the Secretary's position is that the district court correctly determined that it lacked jurisdiction over the Estate's complaint because "there was no final decision of the Secretary *after* a hearing." Aplee. Br. at 16. The Estate disagrees, arguing that its complaint falls within the judicial review language of § 405(g) because there were two hearings before the ALJ entered its dismissal–the impromptu telephone hearing with Mr. Lego's doctor and the November 22 hearing.

The ALJ's phone conversation with Mr. Lego's doctor was not a hearing. It was simply a conversation between the ALJ and Mr. Lego's doctor concerning Mr. Lego's alleged medical condition and the necessity for a continuance. As for the November 22 hearing, although Centura appeared for the hearing, Mr. Lego, the Estate's representative, did not appear. As in *Brandyburg*, there was no merits hearing that would fall within the meaning of § 405(g) and therefore the

district court was correct in dismissing the complaint for lack of jurisdiction.

Moreover, the ALJ's dismissal was a procedural one and, as the court noted in

*Brandyburg*, district courts lack jurisdiction to review an ALJ's procedural

dismissal under § 416.1457. *See Brandyburg*, 959 F.2d at 561-62. This provides

an additional basis for affirming the district court's decision.

Finally, the Estate argues that even if *Califano* and its progeny in some

measure support the district court's dismissal for lack of jurisdiction, *Califano*

provides an exception permitting federal courts to review constitutional

challenges. In order to be entitled to jurisdiction under this exception, however,

the Estate must allege a "colorable constitutional claim." *Califano*, 420 U.S.

at 109; *see also Nelson v. Sec'y of Health & Human Servs.*, 927 F.2d 1109, 1111

(10th Cir. 1990); *Brandyburg*, 959 F.2d at 562. "A constitutional claim is not

colorable if it clearly appears to be immaterial and made solely for the purpose of

obtaining jurisdiction or [] is wholly insubstantial or frivolous." *Hoye v. Sullivan*,

985 F.2d 990, 991-92 (9th Cir. 1992) (per curiam) (quotation omitted).

The Estate's complaint contains the following allegation:

Plaintiff is also entitled to relief because the proceedings pursuant to
which the Order was entered (including (I) the entire procedural
history respecting the setting of a hearing before the ALJ, and (ii) the
circumstances, beginning on November 19, 2004 with Lego's initial
notification to the ALJ's office that his illness would prevent his
attendance at the November Hearing, and culminating in the Order)
denied Plaintiff its constitutional rights of due process, including
rights to proper and timely notice and hearing with respect to review
of both the First Review Decision and the Reconsideration Decision,

-9-

with respect [to] the November Hearing, and also with respect to the
Order.

Aplt. App. at 12-13.  Although the Estate made the conclusory allegation that it
was "denied its constitutional rights of due process, including rights to proper and
timely notice and hearing," *id.* at 13, it failed to allege facts to support that
allegation.  For example, Mr. Lego has not alleged any violations of § 416.1457.
He has not alleged (1) that he was present at the hearing; (2) that he did not
receive notice of the consequences if he failed to appear; or (3) that the ALJ
failed to make a good cause finding for his failure to appear.  *See*
§ 416.1457(b)(1)(i).

With respect to any claim the Estate may have that the ALJ's consideration
of its request for a continuance violated its due process rights, the Estate has not
identified any authority that establishes that it had a constitutionally protected
right to have a hearing on its request for a continuance.  Relying on *Mathews v.
Eldridge*, 424 U.S. 319, 333 (1976), the Estate argues that it was entitled to a
hearing on the continuance where Mr. Lego was present when the ALJ spoke with
his doctor, where Mr. Lego could argue before the ALJ based on the evidence,
and where Mr. Lego could then receive a record of the proceedings.  Although the
Estate cites to *Mathews*, it provides no analysis as to how *Mathews* applies to the
Estate's request for a continuance, other than to state that under *Mathews* "due
process requires an opportunity to be heard at a meaningful time and in a

meaningful manner."  Aplt. Br. at 22; *see also id.* at 25.  As the Secretary points out, however, in order for the Estate to benefit from the *Mathews* decision, it must establish that it "had a constitutionally protected *property interest* in having a full-blown hearing on the continuance request."  Aplee. Br. at 23 (emphasis added); *see also Mathews*, 424 U.S. at 333 ("This Court has consistently held that some form of hearing is required before an individual is finally deprived of a *property interest*." (emphasis added)).  There is nothing in the Estate's complaint, its response to the motion to dismiss, or its appellate briefs that identifies the "property interest" that it was deprived of when the ALJ did not hold a hearing on its request for a continuance.

Given the lack of factual or legal support for the Estate's constitutional allegations, we conclude that it did not raise a colorable constitutional claim and that the district court's decision to dismiss the complaint for lack of subject matter jurisdiction was correct.  Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge

-11-