**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 28, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STEVEN LONN KIIKER,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

      Defendant-Appellee.

No. 09-3209
(D.C. No. 6:08-CV-01307-JTM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

---

Steven Lonn Kiiker did not appear for the scheduled hearing on his

application for social security benefits. The administrative law judge ("ALJ")

entered an order of dismissal, and the Appeals Council denied Mr. Kiiker's

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

request for administrative review of that disposition. When Mr. Kiiker sought review in the district court, the Commissioner moved to dismiss the action as unauthorized under 42 U.S.C. § 405(g), which governs judicial review in social security proceedings. The district court granted the motion, and Mr. Kiiker now appeals from this order of dismissal. Discerning no reversible error, we affirm.

Judicial review is available under § 405(g) for "any *final decision* of the Commissioner of Social Security *made after a hearing* to which [the claimant] was a party." (emphasis added). This language "clearly limits judicial review to a particular type of agency action," and precludes review where agency proceedings terminate without a hearing. *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Thus when, as here, the Commissioner dismisses a claim without a hearing due to the claimant's unexcused failure to appear, federal courts lack jurisdiction to review the dismissal. *See Brandyburg v. Sullivan*, 959 F.2d 555, 558-62 (5th Cir. 1992); *Doe v. Sec'y of Health & Human Servs.*, 744 F.2d 3, 4-5 (1st Cir. 1984); *see also Estate of Lego v. Leavitt*, 244 F. App'x 227, 231-32 (10th Cir. 2007) (following *Brandyburg* in Medicare context, under same statutory and regulatory regime, to hold that where administrative claim had been dismissed for failure to appear, "there was no merits hearing that would fall within the meaning of § 405(g) and therefore the district court was correct in dismissing the complaint [seeking judicial review] for lack of jurisdiction").

There is a limited exception to this rule, however, permitting review of colorable constitutional objections raised with respect to the dismissal. *Califano*, 430 U.S. at 109; *Brandyburg*, 959 F.2d at 562; *Doe*, 744 F.2d at 5; *Estate of Lego*, 244 F. App'x at 232. Mr. Kiiker seeks to invoke this exception by claiming that the dismissal of his proceeding violated his due process rights. We, however, agree with the district court that Mr. Kiiker has failed to present a colorable constitutional claim.

The following material facts have not been challenged here. Mr. Kiiker timely requested a hearing before an ALJ on his application for social security disability benefits. Two months later, the agency mailed a notice of hearing to his designated address, advising him of the scheduled time and place of the hearing and warning him that failure to appear, without good cause, could result in the dismissal of his request for a hearing. When he did not return the enclosed acknowledgment of receipt, the agency sent another notice with a reminder to return the acknowledgment. He again did not respond and later failed to attend the hearing. A check of agency records confirmed that the address used was correct, but the phone number listed had been disconnected. The ALJ found that there was no good cause for Mr. Kiiker's failure to appear at the hearing, taking into account the factors listed in 20 C.F.R. § 404.957(b)(2), and therefore the ALJ issued an order dismissing Mr. Kiiker's request for a hearing. This order was mailed to Mr. Kiiker at the same address to which the previous notices had been

sent. And this order prompted Mr. Kiiker to retain counsel and appeal the dismissal, insisting that he had not received notice of the hearing nor any opportunity to show good cause to avoid dismissal. The Appeals Council, however, denied review, stating that Mr. Kiiker had not provided a basis for changing the ALJ's decision.

Pursuant to regulations for disability insurance benefit determinations, an ALJ may dismiss a request for a hearing based on a claimant's failure to appear under either of the following conditions:

> (i) Neither you [the claimant] nor the person you designate to act as your representative appears at the time and place set for the hearing and you have been notified before the time set for the hearing that your request for hearing may be dismissed without further notice if you did not appear at the time and place of hearing, and good cause has not been found by the administrative law judge for your failure to appear; or

> (ii) Neither you nor the person you designate to act as your representative appears at the time and place set for the hearing and within 10 days after the administrative law judge mails you a notice asking why you did not appear, you do not give a good reason for the failure to appear.

20 C.F.R. § 404.957(b)(1).[1] In determining whether a claimant had "good cause" for failing to appear at a scheduled hearing, as required by § 404.957(b)(1)(i), the ALJ is to "consider any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which [the claimant]

---

[1]     An identically worded regulation, 20 C.F.R. § 416.1457(b)(1), governs applications for supplemental security income benefits.

may have." *Id.*, § 404.957(b)(2). In this case, the ALJ expressly considered these factors before concluding, under § 404.957(b)(1)(i), that dismissal was appropriate.[2] Aplt. App. at 12-13.

Mr. Kiiker contends that the ALJ failed to comply with § 404.957(b) and, as a result, violated his right to due process. His primary contention is that the regulation quoted above entitled him to a hearing on whether there was good cause for his failure to appear at the scheduled hearing on his application for social security benefits. Leaving aside his unsubstantiated assumption that the administrative regulation defines the level of constitutionally mandated process,[3] we reject Mr. Kiiker's contention that the regulation entitled him to a hearing that he did not receive.

---

[2]     At certain points in his brief, Mr. Kiiker appears to conflate the procedures under § 404.957(b)(1)(i) and (ii), complaining, for example, that he was not sent a post-hearing notice asking why he did not appear at the hearing. But such a post-hearing notice is only required under subsection (ii). It is not required under subsection (i), which is the provision under which the ALJ dismissed Mr. Kiiker's request for a hearing.

[3]     Mr. Kiiker seems to assume that the regulation sets the parameters for his due process rights. However, we have previously stated that "[a] failure to comply with state or local procedural requirements does not necessarily constitute a denial of due process; the alleged violation must result in a procedure which itself falls short of standards derived from the Due Process Clause." *Ward v. Anderson*, 494 F.3d 929, 935 (10th Cir. 2007) (quotation omitted). In short, "not every violation by an agency of [its own] rules rises to the level of a due process claim." *Id.* (parenthetical quoting *Levitt v. Univ. of Tex. at El Paso*, 759 F.2d 1224, 1230 (5th Cir. 1985) (further quotation omitted)). But even if we assume in this case that the regulation does embody the relevant constitutional guarantees, Mr. Kiiker's argument still fails, because the regulation did not require the ALJ to provide a good cause hearing, as Mr. Kiiker contends.

Section 404.957(b) does not say anything about holding a full evidentiary hearing to determine whether there was good cause for a claimant's failure to appear at a scheduled hearing. Rather, the regulation ensures only that the claimant is informed, either before the merits hearing, § 404.957(b)(1)(i), or afterward, § 404.957(b)(1)(ii), that failing to appear at a scheduled hearing may lead to dismissal absent an adequate explanation for his absence. And the regulation further ensures that the claimant is aware that he has an opportunity to offer such an explanation – though there is no suggestion that this opportunity requires or permits something beyond a written response. Neither does the Social Security Act mandate such a hearing. *See Brandyburg*, 959 F.2d at 560 (holding that requiring such a hearing "would essentially make dismissal pointless").[4]

[4] This is consistent with "good cause" determinations in other contexts under the Act, such as extending the time for requesting a hearing, *Watters v. Harris*, 656 F.2d 234, 237-39 (7th Cir. 1980), extending the time for administrative appeal, *Sheehan v. Sec'y of Health, Educ. & Welfare*, 593 F.2d 323, 325 (8th Cir. 1979), and reopening a claim, *Boock v. Shalala*, 48 F.3d 348, 351 (8th Cir. 1995). None of these requires a hearing (and, accordingly, none is reviewable under 42 U.S.C. § 405(g)). In contrast, for disability determinations, the regulations clearly provide for an evidentiary hearing before the ALJ, *see* 20 C.F.R. §§ 404.929 and 404.930, as directed by 42 U.S.C. § 405(b). *See Cash v. Barnhart*, 327 F.3d 1252, 1255 n.6 (11th Cir. 2003).

If a good cause hearing of the sort envisaged by Mr. Kiiker were independently guaranteed by the Due Process Clause, a colorable constitutional claim could be stated regardless of whether such a hearing was required by the administrative regulations. But Mr. Kiiker does not clearly articulate a distinct argument in this regard, and thus we have no basis to address the question. *Cf. Earley v. Department of Health and Human Services*, 776 F.2d 782 (8th Cir. 1985) (holding that there "is no statutory or regulatory provision requiring a

(continued...)

-6-

Mr. Kiiker seems to argue that his due process rights were independently and separately violated because he did not receive the hearing notice or the follow-up reminder and the agency didn't take any further action to afford him notice. And, to be sure, due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to [respond appropriately]." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). That constitutional requirement was satisfied here, however, when the agency mailed the notice of hearing to Mr. Kiiker's address of record (which he has admitted is his correct address) using the United States postal service. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798-800 (1983); *see, e.g.*, *Gurung v. Ashcroft*, 371 F.3d 718, 721 (10th Cir. 2004). Even so, when no acknowledgment of receipt was forthcoming, the agency repeated its effort. If both of these independently sufficient attempts to provide notice of the hearing somehow failed, that is most unfortunate but it does not rise to the level of a constitutional fault. *See In re Blinder, Robinson & Co.*, 124 F.3d 1238, 1243 (10th Cir. 1997).

---

[4](...continued)
hearing on the issue of good cause"); *Cunningham v. R.R. Ret. Bd.*, 392 F.3d 567, 577 (3d Cir. 2004) (rejecting claim that due process required good cause hearing on motion to reopen untimely appeal from denial of benefits); *Arch of Ky., Inc. v. Dir., Office of Workers' Comp. Programs*, 556 F.3d 472, 478 (6th Cir. 2009) ("Due process generally does not entitle parties to an evidentiary hearing [on good cause] where the federal agency has properly determined that a default [disposition] is appropriate due to a party's failure to file a timely response." (internal quotation and alterations omitted)).

In addition, and though Mr. Kiiker argues otherwise, the agency afforded him an opportunity to justify or excuse his failure to appear at the scheduled hearing. We recognize that in his dismissal order, the ALJ determined that good cause was lacking before Mr. Kiiker had filed anything on the matter (because, according to Mr. Kiiker, it was not until he received the order that he was aware of the hearing he had missed). But Mr. Kiiker was not denied the chance to show good cause. In fact, under the regulations, he could do so either by filing a request to vacate the dismissal with the ALJ or Appeals Council, 20 C.F.R. § 404.960, or by filing a request for review of the dismissal with the Appeals Council, *id.*, § 404.967. Mr. Kiiker chose and pursued the latter approach. That he did not succeed in persuading the Appeals Council does not constitute a denial of due process.

The judgment of the district court is affirmed.

Entered for the Court


Neil M. Gorsuch
Circuit Judge